# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS CAGGIANO, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01484-GMN-GWF |
| vs. | ) **FINDING AND RECOMMENDATION** |
| ERIC HOLDER, JR, | ) |
| Defendant. | ) |

This matter comes before the Court on Plaintiff Thomas Caggiano's ("Plaintiff") Petition for Writ of Mandamus (#1), filed on August 21, 2012, and Plaintiff's Motion for Writ of Mandamus (#7), filed on September 7, 2012. To date, Defendant Eric Holder Jr. has not been served with the Petition for Writ of Mandamus (#1).

## BACKGROUND

On August 21, 2012, Plaintiff initiated this action by filing a Petition for Writ of Mandamus requesting the Court to order the U.S. Attorney to conduct a federal grand jury investigation of Department of Justice officials, including FBI officers in New Jersey, Nevada, and Illinois and IRS agents in Las Vegas. Plaintiff claims that these agencies committed "breach of duty" and caused "outrage" and "emotional distress," without alleging any particular facts to support the claims.

On September 11, 2012, Plaintiff filed a Motion for Service by Marshall (#10). On October 25, 2012, the Court denied the Motion (#10) because Plaintiff had not been authorized to proceed *in forma pauperis* and because service of the Petition by the Marshal was not necessary to keep the peace under Federal Rules of Civil Procedure 4(c)(3). *See Order, Doc. #13*.

. . .

Plaintiff also filed a Motion for Appointment of Master Magistrate (#6) on September 7, 2012; a Motion for Writ of Mandamus (#7)[1] on September 7, 2012; a Motion for Amendment (#9) on September 11, 2012; and a Motion to Amend (#14) on October 30, 2012. The Court denied Plaintiff's Motion for Appointment of Master Magistrate (#6). *See November 15, 2012 Order, Doc. #16,* at 1:20-27, 2:8-9. The Court also struck Plaintiff's Motion for Writ of Mandamus (#7), Motion for Amendment (#9), and Motion to Amend (#14) because they exceeded Local Rule 7-4's page limits. *Id.* at 2:1-14. On November 19, 2012, Plaintiff filed a Motion to Resubmit Motion for Writ of Mandamus (#18). On November 26, 2012, the Court withdrew its November 15, 2012 Order as to Plaintiff's Motion for Writ of Mandamus (#7), which was reopened. *See Order, Doc. #21, at 1:17-23*.

**DISCUSSION**

    **I.**    **Service of the Petition**

Plaintiff initiated this action on August 21, 2012, seeking an order for the United States Attorney to conduct a grand jury investigation. Under Federal Rule of Civil Procedure 4(m), the Court must dismiss an action without prejudice if the defendant is not served within 120 days of the filing of the complaint. On October 31, 2012, Plaintiff filed a Notice of Proof of Service (#15). The Notice (#15) provides a receipt for certified mail to Defendant Eric Holder, Jr. on October 31, 2013. The Notice, however, does not specify what was mailed to Defendant Holder. Local Rule 5-1(a) requires that the documents served shall be attached to the proof of service when presented for filing. The Court finds Plaintiff has not adequately provided proof of service in this case. However, "[f]ailure to make the proof of service required by this Rule does not affect the validity of the service." LR 5-1(c). It is within the Court's discretion to allow "the proof of service to be amended or supplied." *Id.*

Even if permitted to amend or supply the required information to his proof of service, Plaintiff still has not properly served the Petition. Federal Rule of Civil Procedure 4(I)(2) addresses the requirements for serving the United States or an agency of the United States, and provides that

---

[1] Plaintiff's Motion for Writ of Mandamus (#7) seeks the same relief as his original Petition (#1).

"a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Plaintiff's Notice (#15) demonstrated that service was effectuated on Defendant Holder. However, Plaintiff has failed to provide proof of service to the United States Attorney's Office as required under Rule 4(I)(2). The Court therefore finds that Plaintiff has not properly served the Petition in this case, and the 120-day period supplied by Rule 4(m) has expired.

## II. Jurisdiction

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Kerr v. U. S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399 (1976) (quoting 28 U.S.C. § 1651). Although district courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95, (1967). District Courts also may obtain jurisdiction to issue a writ of mandamus through constitutional or statutory provisions. *Petrowski v. Nutt*, 161 F.2d 938, 938-39 (9th Cir. 1947). Issuance of a writ of mandamus to enforce performance is appropriate only when "there is no other adequate remedy." *Bd. of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 377 (1860).

Here, Plaintiff seeks the United States Attorney to conduct a federal grand jury investigation of Department of Justice officials, including FBI officers in New Jersey, Nevada, and Illinois and IRS agents in Las Vegas. There are no pending actions before this Court relating to Plaintiff's request, and issuance of the writ of mandamus would not aid the Court in its jurisdiction under 28 U.S.C. § 1651. The Court has the statutory authority to compel an officer or employee of the United States to perform a duty under 28 U.S.C. § 1361. However, the statute requires that the duty to perform must be owed to the plaintiff. 28 U.S.C. § 1361. "[A] private citizen has no federal right to compel the federal government to initiate an investigation or a prosecution, as initiating an investigation or a prosecution is a function of governmental discretion." *Goel v. United States*, No. 07-2609, 2008 WL 2354948, *2 (D. N.J. June 3, 2008); *see also Kloss v.*

*Pearce*, No. 09-3356, 2009 WL 2231221 *3 (D. N.J. July 22, 2009) (finding that a private citizen cannot compel the state or federal government to investigate and that investigation or prosecution is a function of governmental discretion). Further, "the decision whether to investigate any particular complaint is discretionary rather than mandatory." *Morrison v. U.S. Dep't of Justice*, No. 13-00654, 2013 WL 1964930 (N.D. Cal. May 10, 2013). The Court finds that Defendant Holder does not owe a duty to Plaintiff to investigate his claims. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Writ of Mandamus (#1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Writ of Mandamus (#7) be **dismissed** as duplicative.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of September, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge